Bland, Chancellor.
This is a petition founded on the act to direct descents,(a) which declares, that where the lands or estate lie in different counties the partition may be made in the mode, therein prescribed, by this court. It is the first case of the kind that has been instituted here.
It may be observed in general, that where an act of the General Assembly directs anything to be done, the legislaturé either provides the means to be pursued to effect the object, or it is partially, or wholly silent as to the manner of proceeding. In the first case, the mode provided must necessarily be pursued; but, in the latter, the legislature acts in part, or altogether upon the supposition, that the enactment is, so far as it goes, or entirely, complete in itself; and, that the rules of the courts of common law, or of equity are sufficient to assure to the citizen any right which he may derive from it. If the prescribed means be such as can only be executed at common law, or in equity, then the one, or the other of those tribunals, must be clothed with exclusive jurisdiction accordingly; or the enactment may be such as to allow them to have concurrent jurisdiction. But, if its nature be such, that the prescribed mode can be executed by neither; or the right given be such, that, according to their several limited and settled modes of proceeding, neither of them can grant proper redress, they cannot, in any way, supply the deficiency. Because, *47 even upon English authority, a court of justice cannot be permitted in any case to legislate ;(a) and because, by the constitution of our Republic,(b) the three departments having been directed to be kept for ever separate, the judiciary has' been expressly excluded from every species of legislation; and is precluded from .supplying any omissions of the legislature, however obvious or necessary it may be for attaining the object in view. Hence, it clearly follows, that in all cases of this kind, even where the courts of common law and of equity have concurrent jurisdiction; the law and course of proceeding of the forum resorted to must be pursued.(c)
The act to direct descents gives to the several heirs of an intestate a right to have a partition of his estate made., among them; and has, in part, prescribed the manner in which such partition may be obtained; and, consequently, so far this court must act according to the prescribed mode; but,- in all other respects, it must be governed by its own established course of proceeding in so far as it can be modified, and adapted to the positive enactments of the legislature.
In all cases of this kind, as has been done in this instance, it is indispensably necessary, 'that the petition should state, with sufficient perspicuity, where or in what counties the lands, or estate of the intestate lie; the name of his widow, if she be then living; and the names and description of his heirs, whether adult or infant; and where resident, in or out of the State; to the end, that,, if they be inhabitants of the State, notice may be given to them; or if not, that they máy be warned by publication as allowed by the 50th section of the act. The commission awarded must, in all cases, exactly recite the petition for the government of the commissioners in their proceedings; and the court will expect, in every case, that the petitioner should, as in this instance, nominate to it some suitable, disinterested, and respectable persons as commissioners. The form of the commission to b^ issued in this, and all similar cases, shall be as follows.
“ The State of Maryland,

“ To Joseph Tovmshend, Henry Stouffer, James Mosher, George Deckel-, and John Hillen, of Baltimore County, .Greeting:

“ Whereas George Augustus Hughes and Christopher Hughes, by their petition to the Chancellor of Maryland, have set forth, that the,late *48 Christopher Hughes, their father, died intestate and seized in fee simple of sundry parcels of land and real estate lying and being in Baltimore county and in Anne Arundel county, leaving a widow, Peggy Hughes, and six children; that is to say, the said petitioners, who are both of full age; and Peggy, who has intermarried with Samuel Moore ; Louisa Armistead, who heretofore intermarried with George Armistead, since deceased; Mary, who has intermarried with Horatio G. Armstrong; and Juliana, who has intermarried with Charles M. Thruston; to whom the said real estate has descended. And the said petitioners allege, that the parties so entitled cannot agree upon a division thereof; they have therefore prayed, that partition of the said estate may be made among the aforesaid heirs according to their several just proportions, agreeably to the act of assembly in such case made and provided; which said prayer hath been granted: and it being suggested to the Chancellor, that you are discreet and sensible men within the said county; and the Chancellor having great confidence in your prudence and integrity, hath therefore assigned, commissioned, and appointed; and doth hereby assign, commission and appoint you, or a majority of you, having first taken the,oath hereto annexed, to adjudge and determine whether the said estate will admit of being divided without loss or injury to all the parties entitled, and to ascertain the value of the said estate in lawful money, taking into consideration any incumbrances thereon; and to ascertain the value of the said estate subject to the incumbrances; and if the said estate can, in your opinion and judgment, or in the opinion and judgment of a majority of you, be divided without loss and injury to all the parties entitled, then to divide and make partition of the same fairly and equaEy in value, among all the parties interested, according to their several just proportions ; or if the said estate cannot be divided equaEy and fairly among aE the parties interested according to their several just proportions, then you, or a majority of you, shaE divide the estate into as many parts as it is susceptible of, without loss and injury to aE the parties entitled, and ascertain the value of each part of such estate in lawful money, subject to any incumbrance thereon; and if, in your opinion and judgment, or in the opinion and judgment óf a majority of you, the said estate cannot be divided without loss or injury to aE the parties, then you, or a majority of you, shaE make return to our Court of Chancery of your judgment, and the reasons upon which the same was formed, and the real value of the said estate in lawful money, subject to the incumbrance if any thereon; and if you, or a majority of you, shaE determine that the said estate can be divided in either of the ways herein before mentioned, without loss and injury to aE parties, then you shaE cause the lands to be surveyed and laid out by the county surveyor, or such other person as you may think qualified, for the several parties in case the estate consists of lands; and if the said estate shall be equaEy divided among *49 all the parties interested according to their several just proportions, then you, or a majority of you, shall allot to the several parties their respective shares of the said land : and in case the said estate shall consist of houses, you, or a majority of you, shall make allotment and partition among the parties. And you, or a majority of you, are hereby empowered and directed to ascertain and lay off the widow’s dower in and to the lands and tenements of the estate, before you shall proceed to divide or value the same ; and you, or a majority of you, shall make the ascertainment and location of such dpwer a part, of your return to this commission. And you, or a majority of you, shall cause notice to be given to all parties concerned, by advertisement, set up at the court house, and in such other public places in the said counties as'you may direct, at least thirty days previous to your proceeding to execute this commission. And you, or a majority of you, are appointed commissioners to proceed in the premises, according to- the directions of an act of the General Assembly of Maryland, passed at December session 1820, chap. 191, entitled, “ An act to reduce into one system the laws to direct descents.” And you, or a majority of you, having made partition or allotment in manner aforesaid, shall make return of your proceedings to our Court of Chancery without delay. Witness the Honourable Theodorick Bland, Esquire, Chancellor, this 18th day of April, 1825.”
“ Test, — Ramsey Waters, Reg. Cur. Can.”
COMMISSIONERS’ OATH.
Be it remembered, that on this --day of-personally appeared Joseph Townshend, &c. before the subscriber, one of the Justices of the Peace in and for Baltimore county, and made oath, [or affirmation,] that they would well and faithfully perform the duties required of them by the annexed commission, and all duties assigned them under the act of Assembly therein referred to ; and that they would proceed in the execution and completion of the said commission without favour, partiality, or prejudice, and according to the best of their judgment and understanding.
The commissioners made a return of their proceedings and the partition which they had made in pursuance of this commission; and an agreement in writing, signed by each one of the heirs, praying that the return might be ratified and a final decree passed, having been filed, the case was submitted accordingly.
27th July, 1825. — Bland, Chancellor. — This case standing ready for hearing, and having been submitted, the proceedings were read and considered'.
Whereupon it is decreed, with the assent of the parties in writing filed, that the return of the commissioners and the *50 partition by them made be and the same is hereby ratified and confirmed.
And it is further decreed, with the assent aforesaid, that Louisa Armistead shall hold in severalty, and not jointly with the said heirs of the said Christopher Hughes, deceased, all those lots of ground which are contained in the grand division letter A, as described by the commissioners in their said return, and which is composed of the following lots, to wit: &c. &c. &c.
The costs of the suit to be borne by the heirs in equal parts.

 1820 ch. 191, s. 13.

 Weale v. West Middlesex Wa. Comp. 1 Jac. & Wal. 371; The Bank of Columbia v. Ross, 4 H. & M’H. 456.

 Decla. Rig. art. 6.

 3 Blac. Com. 436.